M.D. et al. Oral argument, 15 minutes per side. Mr. Stecholte will be appellant. Good morning, your honors. May it please the court. Opposing counsel, I'm attorney Ted Stecholte. I'm here this morning on behalf of the appellant, Sandra Albright. I'd like to reserve four minutes for rebuttal, please. Yes. Thank you. This case raises two important issues for this court's review. First, whether plaintiff's complaint pled an ordinary negligence claim under Michigan law where defendant was aware of a known risk to Ms. Albright but disregarded that risk and failed to take any corrective action to protect Ms. Albright. The second issue, which appears to be a matter of first impression in this district, in this circuit, is whether Michigan's notice of intent and waiting period under MCL 600.2912B applies in federal court. I'm going to address that second issue first because I believe it's dispositive in this matter. This court's Gallivan decision that followed the Shady Grove analysis controls whether Michigan's notice of intent and waiting period applies in federal court. The answer we would submit is no. As this court stated in Gallivan, the question that And that specific question in this case is whether a plaintiff must give notice and wait 182 days before she can proceed on her malpractice action in federal court. But Gallivan involved the affidavit requirement, right? That's correct. In Gallivan, there was no notice of intent portion in the Ohio statute. And the district judge here said that you won, you were correct on the affidavit point. Correct. And relied on Gallivan for that. But the key issue was the notice where the district judge ruled against you. That's correct, Judge. And so Gallivan does not deal with the notice requirement, does it? In Gallivan, there was no notice requirement under those facts, but the analysis we would submit is the same. The district judge here thinks that the analysis is different. Correct, Judge. Yes. But we would submit that now, the district court still used the Gallivan analysis, but said that because under Gallivan there was no conflict between the notice statute in Michigan and any federal rules of procedure, we go to the Erie analysis. And it's our position that that's where the district court erred. It's the fact that the Gallivan analysis applies, and it's that first step that we find the notice provision and waiting period under Michigan law is in direct conflict under that federal rules answer the question in dispute. The district court said the federal rules do not. So if we look at the federal rules, if we start with Federal Rule 3, the federal rules do answer the question in dispute. Federal Rule 3 specifically states an action is commenced with the filing of a complaint. There's no notice period, there's no waiting period, there's no notice of intent under Federal Rule 3. But you would have to show other things like it was filed within the statute of limitations and so forth right after that. I mean that doesn't preclude filing a complaint. That's correct, Judge. And your client would have an advantage over a Michigan resident who filed suit in the state court, right? Well, the advantage I think is overstated. And we only get to that advantage question if the first issue under Gallivan is answered in the sense that the federal rules don't answer the question in the first instance. So we only get to that issue of is there advantage or disadvantage here if the federal rules don't completely answer the question. And like in Gallivan or Shady Grove, we believe that here the federal rules do answer the question. So Federal Rule 3, as I said, commences an action with the filing of a complaint. Conversely, MCL 629.12 specifically states an action shall not be commenced until notice has been given and the waiting period has been complied with. Just like in Shady Grove, which I think is really instructive here, the Rule 23 for class action lawsuits provides that class actions can be initiated in federal court. The state of New York attempted to have specific restrictions on what types of remedies could be attached to federal class action or excuse me, class action lawsuits, what types of class action lawsuits could be brought. And as we see in Shady Grove, the court said those types of limitations on what types of class actions can be brought in state court do not apply in federal court because Rule 23 answers the question in dispute. Similarly, Rule 3 here answers the question in dispute. But this decided on summary judgment or it wasn't on a motion to dismiss, was it? I'm sorry, in Shady Grove? No, I'm talking about our case right here. That's a complex question, probably more so than it should be. The initial filing by the defendants was a 12B6 motion to dismiss for failure to state a claim. That's not what the court ruled on. That's correct, your honor. It's not what the court ruled. The court decided it on summary judgment, which we believe is plain error. But that's a matter for perhaps another day. So did the district court find that there had been the inclusion of other material that warranted treating it as a summary judgment motion? And if so, was there appropriate notice given to the other side before the judge made that decision? The district court did not, to my understanding, address whether or not there was additional documentation included in the record for a 56 motion. What the judge concluded in a footnote is that because both parties addressed it as a 56 motion, even though it was titled as a 12B6 motion, the district court addressed it as a 56 motion. But the district judge did not rely on any evidence, any affidavits or other type of evidence, correct? It was simply decided on the pleadings. That's correct, your honor. In terms of other federal rules that we believe answer the question and dispute, Federal Rule 8 also has two conflicts with the Michigan rule. So the notice purpose of Federal Rule 8 is a short and plain statement to give notice to the defendants of what the claims are against them. And that notice is, again, a short and plain statement and it's given at the time that the complaint is filed, back to Rule 3. Conversely, the purpose of the Michigan statute is to give notice, but it's pre-filing notice and it's also a bit more detailed. So that's a direct conflict with Rule 8 and Rule 3. And then I also would submit that Rule 8's pleadings requirement has nothing to do with providing specific notice of intent to file a lawsuit. That, of course, is not anywhere addressed in Rule 8, whereas Michigan's statutory framework does state that with the affidavit of merit, which is a pleading in Michigan, is specifically required to address the notice of intent. So Rule 8 does state that plaintiff, when filing an affidavit of merit, must plead that a medical professional has reviewed the 2912B notice and that in that affidavit of merit, it must state that the standard of care was breached by a health care official receiving the 2912B notice and that the breach was the proximate cause of the injury as alleged in that 2912B notice. So that's three separate instances where there's actually a pleading requirement of the notice of intent under Michigan law that directly conflicts with Rule 8 and we would also submit with Rule 9. I just want to briefly turn, because I see that my time is coming up, to the issue of what you asked Judge Seiler about the eerie analysis. We believe that because the federal rules answer the question and dispute under Galavan and because the rules are valid, again under Galavan, eerie analysis is not necessary. But should the court do so, to get to your question, the district court sort of overstated the onerous requirements of both the notice requirement and the waiting period. There's no requirement that a medical expert review the affidavit, I'm sorry, the notice or sign off on the notice. It's simply a letter that is sent to the medical professional putting them on notice. Yes, there is more in there that is required in the notice than, say, your maybe notice pleading standard under Rule 8, but it is not so onerous that it would require or compel a plaintiff to choose one form or the other. What's your best case that you're going on here to show that your client could do this without following Michigan requirements? Do you have a case? I'm sorry? Do you have a case that you're relying upon? At Galavan, but you said that didn't apply already to part of this. I'm sorry, Judge, I didn't catch the question. What's your best case? Do you have a good case on this point? On the eerie analysis point? Yeah. Judge, I don't think that there is one that directly answers this question. Some of the district courts have ruled to the contrary, have they not? Yes, they have. I believe that there is a Jones case out of the Eerie Eastern District of Michigan that ruled in our favor. Now, it's not directly related to the notice of appeal. I'm sorry, notice of intent. There's also the... I'm going to mispronounce this case, but it's a Stakajowski case, I believe it was called, again, out of the Eastern District of Michigan. That case also said that the Michigan rules of the affidavit of merit and intent do not apply in the Michigan courts. If there are any other questions, I'd be happy to address it. Otherwise, I'll reserve the remaining time. Thank you. Thank you. Good morning. Good morning. Please report. My name is... You can sit here or you can go up there. It doesn't matter. I think the rule is if you are vaccinated, you can come up, and if you are not vaccinated, you are to stay at your table. Standing or sitting? Whichever you prefer. I'm going to stand. Since... There is a microphone on that podium. Keep close to the mic so we can hear you or speak out loud. Since plaintiff did not address the second issue, I don't know how the court wants to proceed with that. The second issue is whether or not the claim asserts professional negligence as opposed to ordinary negligence. I'll address the first case as far as whether or not the plaintiff filed with the complaint the notice of intent. Notice of intent is a pre-requisite or a preceding condition. What it does, it allows the parties to investigate the merits of their claim. It promotes the investigation without the need of incurring expenses associated with the medical malpractice case. The first question of whether or not it collides, the court ruled that it did not. It went on to do an eerie or a shady analysis. Outcome determinative in the issue. But if you look at the language of the Michigan filing requirement and you look at rule three, I believe, doesn't the plain language there conflict with the nature and extent of the complaint? I will adopt the court's reasoning when it says rule three simply states the procedural mechanism to initiate a case in federal court is a filing of a complaint. 2912B does not change that fact. The statute instead concerns with requirements that must be complied before filing a complaint. And that's the issue. One talks about just filing a complaint and one under the wording of the two statutes? No. And by analogy, the statute of limitations says the plaintiff shall file his action or her action within two years or else it's time barred. So the use of the word shall I don't think means anything different. What it gives us is it says that we just like the statute of limitations affirmative defense, a 2912B failure to comply gives us another affirmative defense which we can assert. I find it hard to understand why the district judge cabined the two issues here and didn't reach the same conclusion with respect to both. Because looking at the statute on the notice, a person shall not commence an action unless the person has given the health professional written notice. That seems like that is stating something that has to happen before you file the complaint. And the affidavit is something that has to be done along with the complaint. So why shouldn't the analysis be the same for both? Because if you fail to file an affidavit of meritorious claim with the complaint, the complaint is a nullity. If you fail to comply with the notice requirements, pre-suit notice requirements, it doesn't make the claim a nullity. It allows the defendants to move as for summary judgment to have it dismissed. So you can waive that issue. Can't the affidavit requirement be waived as well? In Michigan, the affidavit, if you don't file it, it's a nullity. The only thing you have to do is indicate the case was not filed a malpractice case with an affidavit of meritorious claim, the case will be dismissed. Are you conceding that the district judge was correct on the affidavit requirement in Section D? Well, since it was not a cross appeal, and there are cases that rule that an affidavit of merit is not... You're conceding. Am I correct that you're conceding on the affidavit? Correct. The bottom line is that if in our position is similar to the district court judge's decision that the 2912B does not collide with any of the rules of federal civil procedure, Rule 3, Rule 8, Rule 9, or Rule 12B. So therefore, we have to look at the second issue, is it determinative? And if not applied in federal court, comparing and contrasting the federal court case with a state court case, is there a difference? And as the court ruled, the difference is if you file it in state court, you have to wait 182 days, which allows both sides to investigate the merits of their claim. It allows and promotes the potential for settlement before incurring costs. So really, by filing it in federal court, it doesn't prevent the two goals, forum shopping and a disproportionate application of the law, in equitable administration of the law. So in looking at that, we believe that the court was correct in ruling that the affidavit, excuse me, the notice of intent was required in federal court in dismissing the case. The case was dismissed because if you don't file the notice of intent, it doesn't toll the statute of limitations. So therefore, since it wasn't told, statute was run and we were dismissed. That's all I have. Any questions? Thank you. I'm just going to start with addressing the analogy that your opponent has made to the statute of limitations, which is an affirmative defense that the federal courts say we would apply state law on the statute of limitations. So why is this not a similar kind of situation with regard to the pre-suit notice? Sure. Thank you, Judge. I think two responses to that. First and foremost, I think the statute of limitations argument is fundamentally flawed in that although a statute of limitations is applied in federal court, the proper question that is to be asked in this case is whether or not the federal rules answer the question in dispute. That's the focus here. And the notice of intent statute works in conjunction with the procedure that are addressed, excuse me, are answered by the federal rules in this case and that they do not apply here. They're not substantive rules like the statute of limitations. And I think the better analogy is the rules that we find in the Shady Grove case. And there the court said, you know, it's not a, excuse me, it's not an affirmative defense that's dispositive in this case. Like they're arguing that the issue is what is the purpose of the rules? And I'm sorry, the Shady Grove emphasized that the purpose of the rules is irrelevant where the text is clear. The text being the federal rules. The federal rule 23 was clear in Shady Grove. Federal rules here, we believe, are clear. And so if you look at the federal rules, like the district court properly did in terms of the affidavit of merit, those federal rules answer these questions. So rule 3 says that an action is commenced by filing a complaint. That's correct. And so you're reading then of this 2912B is that it says a person shall not commence an action unless they've done this written notice requirement. So your point is that any statute that says a person shall not commence an action unless they've done A, B, or C should not apply given that federal rule 3 just says an action is commenced by filing a complaint? Is that my oversimplifying? I think that is a bit of an oversimplification. But I think with rule 3 and rule 8, any state rule that adds an additional requirement to the federal courthouse doors that are not contemplated or addressed by the federal rules that states shall not be commenced until A, B, or C is done, I do believe that those rules do not have application in the federal courts. So what if the state law said an action shall not be commenced if the statute of limitations has run? Well, I think that's already been answered by prior decisions that say statute of limitations are substantive rules of state law that apply in federal court. But isn't the implication that the federal rule 3 doesn't limit that in my hypothetical? Because my hypothetical obviously is not drawn from a particular case. Correct. So I'm wondering whether the key is the way the language is written in the state statute. Because usually statutes of limitations say an action for medical malpractice must be brought within three years or 90 days or whatever the state has decided. And that would apply as an doctor chose to raise it. That's correct, Your Honor. That could be that's a distinction that I have not considered or seen in the courts or the decisions. But I believe if we go back to again what Shady Grove and the Gallivan decision have told us is the question of whether or not the federal court rules answer the question and dispute. And I believe that that's what we have here is that the rules 3 and 8 particularly do in fact answer those questions. The focus that I think the appellee has in the trial court district court focused on is whether or not the rules collide. And that's not necessarily the correct focus, although that's relevant. But the correct focus is do the rules answer the question? We submit that they do. And before I wrap up, if I may, Judge Seiler, to get back to your question, the cases that we think are most on point and that I think appellee has conceded to in their question is Long v. Adams and again, pardon my pronunciation, Stojanski vs. City of Maycomb. We would respectfully ask that this court reverse and vacate the decision of the district court and remand the matter for further proceedings. Thank you. Thank you. Thank you both for your argument. The case will be submitted and the clerk may call the next case.